**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 18-01256 AG (AFMx) | Date | October 22, 2018 |
|---|---|---|---|
| Title | DONALD MATHIS, ET AL. v. PFIZER INC., ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | | |
|---|---|---|---|
| Lisa Bredahl | Not Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | | |

**Proceedings:** **[IN CHAMBERS] ORDER REGARDING MOTION TO REMAND (DKT. 16)**

Four Plaintiffs filed this lawsuit in Orange County Superior Court against six pharmaceutical companies, asserting claims stemming from taking the anti-epileptic drug Dilantin. All Plaintiffs are California residents. One of the six Defendants, McKesson, is a Delaware corporation with its principal place of business in San Francisco, California. Defendants filed a Notice of Removal, arguing that McKesson was fraudulently joined to eliminate diversity jurisdiction. (Dkt. 2.) Plaintiffs then filed a motion to remand. (Dkt. 16.) Defendants Pfizer Inc., Pharmacia LLC, Parke, Davis & Company LLC, and Warner-Lambert Company LLC (in this order, "Defendants") oppose the motion. (Dkt. 21.)

The Court GRANTS Plaintiff's motion to remand. (Dkt. 16.) All pending matters are VACATED.

**1. BRIEF BACKGROUND**

Plaintiffs, all California residents, were prescribed and ingested Dilantin. (Mot. at 7.) They claim to have experienced "cerebellar atrophy reactions" to Dilantin, a prescription medication used to treat certain types of seizures. (Compl. ¶¶ 1-5.) Defendants claim that one of the six companies sued, and the only one that is a California citizen, does not manufacture or market Dilantin. They state McKesson Corporation is merely a distributor. (Opp. at 5.) So although the parties are not completely diverse on the face of the complaint, Defendants urge that McKesson was fraudulently joined and that its citizenship should be disregarded.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 18-01256 AG (AFMx) | Date | October 22, 2018 |
|---|---|---|---|
| Title | DONALD MATHIS, ET AL. v. PFIZER INC., ET AL. | | |

## 2. LEGAL STANDARD

Federal courts possess "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The Constitution provides, in Article III, § 2, that "[t]he judicial Power [of the United States] shall extend . . . to all Cases . . . between Citizens of different States." And Congress, in 28 U.S.C. § 1332(a), has authorized district courts to exercise jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Thus, § 1332 allows what's called diversity jurisdiction. "Historically, diversity jurisdiction has required that each plaintiff in a case be a citizen of a different state than each defendant—a concept called 'complete diversity.'" *Abramson Marriott Ownership Resorts, Inc.*, 155 F. Supp. 3d 1056, 1060 (C.D. Cal. 2016).

"Nothing is to be more jealously guarded by a court than its jurisdiction." *United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (citation omitted). "It is to be presumed that a cause lies outside of [a federal court's] limited jurisdiction," and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377. Thus, principles of federalism, due respect for the state courts, comity, and judicial economy require courts to "scrupulously confine their [removal] jurisdiction to the precise limits which [Congress] has defined." *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). Put differently, removal jurisdiction should be strictly construed in favor of remand. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas*, 313 U.S. at 108–09). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citation omitted).

## 3. ANALYSIS

This is "yet another attempt to remove a product liability action involving McKesson Corporation," and this case is part of a growing "genre of product liability cases removed . . . under the guise of McKesson's fraudulent joinder and later remanded." *See Dodich v. Pfizer Inc.*, No. C 18-02764 WHA, 2018 WL 3584484, at *1 (N.D. Cal. July 26, 2018). The Court sees no

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 18-01256 AG (AFMx) | Date | October 22, 2018 |
|---|---|---|---|
| Title | DONALD MATHIS, ET AL. v. PFIZER INC., ET AL. | | |

reason to depart from the wisdom of the long line of cases rejecting McKesson's fraudulent joinder arguments under similar circumstances.

Looking first to Plaintiffs' complaint, there isn't complete diversity between the parties, since McKesson is a California citizen. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) (citation omitted) (The "presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action."). But Defendants urge that McKesson's citizenship "should be ignored because McKesson is fraudulently joined." (Opp. (Dkt. 21) at 5.)

It's true that "removal is proper despite the presence of a non-diverse defendant where that defendant is a fraudulently joined or sham defendant." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1158 (C.D. Cal. 2009) (citing *Caterpillar, Inc. v. Lewis,* 519 U.S. 61, 68 (1996)). "In the Ninth Circuit, a non-diverse defendant is deemed a sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff **could not possibly recover** against the party whose joinder is questioned." *Padilla*, 697 F. Supp. 2d at 1158 (citing *Kruso v. Int'l Tel. & Tel. Corp.,* 872 F.2d 1416, 1426 (9th Cir. 1989)) (emph. added). The burden of establishing that jurisdiction is proper lies with removing defendants, with the court resolving any doubts against removal. *See Gaus v. Miles*, 980 F.2d at 566. That is a heavy burden, since "there is a general presumption against fraudulent joinder." *Hamilton Materials Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

Here, Defendants fail to meet their burden. Defendants' central contention is that McKesson does not manufacture or market Dilantin and is merely a distributor. (Opp. at 6.) But that does not mean Plaintiffs "could not *possibly* recover" against McKesson, which Defendants must prove to support removal. *See Grancare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018). Under California law, distributors can be held strictly liable for defective products. *Vandermark v. Ford Motor Co.*, 61 Cal. 2d 256, 262-63 (1964). In this case, Plaintiffs have provided enough detail in their complaint to state a *possible* claim against McKesson for strict liability failure to warn. They have alleged that McKesson distributed Dilantin in a way that does not foreclose the possibility of distribution to Plaintiffs; that Plaintiff ingested it; that McKesson knew of the defective nature of Dilantin and failed to warn the public; and that Plaintiff was injured as a result. *See, e.g.*, Compl. at ¶¶ 13-17, 100-108; *see also Rosa v. City of*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**

| Case No. | SACV 18-01256 AG (AFMx) | Date | October 22, 2018 |
|---|---|---|---|
| Title | DONALD MATHIS, ET AL. v. PFIZER INC., ET AL. | | |

*Seaside*, 675 F. Supp. 2d 1006, 1011-12 (N.D. Cal. 2009) (describing elements of strict liability failure to warn).

Since Plaintiffs' complaint does not on its face make recovery against McKesson impossible, the Court turns to Defendants' other key argument, which is federal claim preclusion. Defendants urge that federal law precludes McKesson from changing the warning label, and therefore McKesson could not be liable for failure to warn. (Opp. at 9.) They are up against a tough standard. Even where a claim brought in state court is regularly preempted by federal law, it remains in state court unless the pre-emptive force of a federal statute is "so 'extraordinary' that it 'converts'" a state common-law complaint into a federal claim under the well-pleaded complaint rule. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987).

That is not this case. Defendants' preemption argument is that two Supreme Court cases preclude state-law claims for design defect and failure to warn against generic manufacturers. *See* Opp. at 11, citing *PLIVA, Inc. v. Mensing*, 564 U.S. 604, 617 (2011) and *Mutual Pharm. Co., Inc. v. Bartlett*, 570 U.S. 472, 483-84 (2013). They argue preclusion extends to claims against distributors of those pharmaceuticals "for the same basic reasons." (Opp. at 11.) This analogy from *Mensing* and *Bartlett* does not carry the "extraordinary" preemptive force needed to convert Plaintiffs' claims here to federal claims. As another California district court recently held, "neither *Mensing* nor *Bartlett* . . . identify binding authority extending the decisions" to distributors, and it is "not manifest that plaintiff[s have] no possible claim against McKesson under California law." *Dodich*, 2018 WL 3584484 at *3.

And importantly, the cases cited by Defendants are not in the same procedural posture as this case, as they were not decided on motions to remand. There is a strong presumption against removal, and it is "settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *See Franchise Tax Bd. V. Constr. Laborers Vacation Trust*, 463 U.S. 1, 14 (1983); *see also Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). Defendants' preemption argument "requires an inquiry into the merits of [Plaintiffs'] claims against all defendants and an analysis of federal law." *Hunter*, 582 F.3d at 1045. In such cases, the preemption defense cannot "overcome the 'strong presumption against removal jurisdiction.'"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 18-01256 AG (AFMx) | Date | October 22, 2018 |
|---|---|---|---|
| Title | DONALD MATHIS, ET AL. v. PFIZER INC., ET AL. | | |

*Id.* Defendants must raise their preemption defense in state court. *See, e.g., Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1319 (9th Cir. 1998).

The Court need not address Defendants argument that Plaintiffs cannot sustain a claim against McKesson for strict liability product defect, because it has already found that Plaintiffs' failure to warn claim against McKesson is sufficient to overcome Defendants' fraudulent joinder argument. Nor does the Court find it appropriate to order discovery before remand.

**4. DISPOSITION**

The Court GRANTS Plaintiffs' motion to remand. (Dkt. 16.) All other pending matters are VACATED.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |